**Pamela U. HRAB, Petitioner,**

v.

**Walter D. HRAB, Respondent.**

Family Court of Delaware,
New Castle County.

Submitted: Feb. 8, 1989.
Decided: Feb. 22, 1989.

Jean A. Crompton, of Crompton & Solomon, Wilmington, for petitioner.

Gerald Z. Berkowitz, of Berkowitz, Greenstein, Schagrin & Coonin, Wilmington, for respondent.

## MOTION TO REARGUE SPOUSAL SUPPORT

KEIL, Judge.

### I. BACKGROUND

Wife has filed a Motion for Reargument requesting reconsideration of the Court's prior denial of her Petition for Spousal Support.

It is infrequent that the Court has before it a spousal support request. In years past, prior to the liberalization of the divorce and annulment statutes, the issue of spousal support was considerably more prevalent with actions being brought in Family Court under a quasi-criminal procedure, but also by way of separate maintenance proceedings in Delaware's Court of Chancery. Significant changes in the 1970's relating to transfer of jurisdiction from Chancery to Family Court coupled with liberalization of the Divorce Statutes as noted above has severely decreased the number of Spousal Support Petitions. The statutory changes, however, did not alter the then existing law on Spousal Support. The Court mentions this as backdrop, noting paragraph 4 of Wife's Counsel's papers reflecting difficulty in finding authority. Authority, however, does exist.

### II. THE STATUTES

There is a duty to support a spouse as evidenced in 13 *Del.C.* § 505(a)(2), where the prioritization among dependents is spelled out such that the "duty to support a spouse" is second only to the duty to support one's own minor child. The aforementioned statute is a follow-up to 13 *Del.C.* § 502, titled "Duty to Support Spouse", wherein it is stated: "The duty to support spouse rests upon the other spouse".

It is clear, therefore, that there is, generally speaking, a duty to support a spouse. However, that is a conditional responsibility for the caveat is 13 *Del.C.* § 506 titled "Failure to Support for Just Cause". That statute reads: "No person shall be required to support another while he has just cause for failing or refusing to do so."

### III. CASE LAW

There is on point unreported Delaware case law. That law centers upon the phrase "while he has just cause". In *Jennings v. Jennings*, Del.Ct. of Ch., C.A. No. 3287, Duffy, C. (Dec. 17, 1970), the Court noted that as to grievances it was easier to state what Wife did not rely on than to list those in which she did rely. At page 2, the Court states:

"Alcohol, a paramour, gambling, sexual maladjustment, physical abuse—these

are the cardinal counts commonly found in separation cases ... Plaintiff identified the principal problem in the marriage as her husband's failure to let her share in the decision-making, particularly as to money matters."

Later, at page 3, the Court noting that perhaps at times husband was "stubborn, narrow, and somewhat selfish in doing only other things which he wanted to do", concluded that:

"... even cumulatively these do not amount to that degree which, in equity, would oblige a husband to support his wife separately with all that that implies. In short, I do not find as a fact that life was so intolerable that plaintiff had to move out, or that it produced a condition no longer to be borne. Differences there were but these were not, singularly or collectively, such as to justify plaintiff abandoning the marriage."

*Wife, B. v. Husband, B.*, Del.Fam., File No. A–3631, Wakefield, J. (Dec. 12, 1975), involved a similar situation, with an appropriate reference to 13 *Del.C.* § 506. The trial Judge analyzed Sections 502 and 506 together, and based upon the facts adduced concluded at page 4 that Wife had not:

"carried the burden of proving her entitlement to support, the court believing that the defendant [husband] had just cause for refusing to pay support."

In *J.H. v. H.H.*, Del.Fam., File No. B–4272, Wakefield, J. (Sept. 6, 1978), the question of spousal support was before the Court and wife asserted the basis for spousal support being granted was founded upon husband's alleged constructive desertion. At page 2, the Trial Judge noted:

"In order for one spouse to be justified in leaving the marital domicile, the other must have been guilty of misconduct which, while not rising to the stature necessary to obtain a divorce, nevertheless is such as to make continued cohabitation, with safety, health or self-respect, impossible.... Disagreement, lack of affection, disturbing the tranquility of the home, incompatibility of temper, etc., are not sufficient to justify one spouse from leaving the other ... There is no evidence here that Husband's conduct was so egregious as to justify the wife leaving the marital domicile."

## IV. RULING

For reasons aforementioned, Wife's Motion to Reargue Spousal Support is denied. The foregoing is without prejudice to any action taken by the Court relative to the issue of interim alimony, if indeed interim alimony becomes an issue at such time as a divorce may be filed. There is a distinction between Spousal Support and Interim Alimony. As to 13 *Del.C.* Chapter 15, economic considerations of dependency control, without regard to the "just cause" restrictions of 13 *Del.C.* § 506.

IT IS SO ORDERED.